**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHANITA GRAY, ) | Case No. 4:23-cr-00677-MTS |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

The Court has conducted a de novo review of the entire record and will: (1) overrule Defendant Shanita Gray's Objections, Doc. [75], and (2) incorporate and adopt United States Magistrate Judge Rodney H. Holmes' Amended Report and Recommendation, Doc. [84].

I.  **Background and Procedural History**

On December 6, 2023, Defendant was charged in a fifteen-count indictment: Counts 1-10 Wire Fraud in violation of 18 U.S.C. § 1343; Count 11 Fraudulent Use of a Counterfeit Access Device in violation of 18 U.S.C. § 1029(a)(1); and Counts 12-15 Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

Pending before the Court are Defendant's Motion to Suppress Physical Evidence and Memorandum in Support Thereof, or in the Alternative, Motion to Compel Disclosure, Doc. [61]; Defendant's Motion to Dismiss Counts 2 and 3 for Failure to State an Offense, Doc. [62]; and Defendant's Motion to Dismiss Counts 12-15, Doc. [63]. The Court referred Defendant's Motions to Judge Holmes. *See* 28 U.S.C. § 636(b). The parties appeared before Judge Holmes for an

evidentiary hearing on January 28, 2025. At the evidentiary hearing, it was determined that the Motion to Suppress Physical Evidence was essentially a discovery dispute and resolved by the parties in open court. Additionally, the Government confirmed that it had no objection to the dismissal of Counts 2 and 3. The parties agreed that the remaining motion, whether 18 U.S.C. § 1028A is unconstitutionally vague, involved a question of law that could be decided on the briefs without the need for testimony or further argument. The parties declined an invitation from the magistrate court for post-hearing briefing. Judge Holmes issued the original Report and Recommendation, Doc. [72], recommending: 1) the denial of Defendant's Motion to Suppress Physical Evidence, Doc. [61], as moot; 2) granting Defendant's Motion to Dismiss Counts 2 and 3, Doc. [62], dismissing the counts without prejudice; and 3) the denial of Defendant's Motion to Dismiss Counts 12-15, Doc. [63]. Defendant filed Objections to the Report and Recommendation, Doc. [75], and the United States filed a Response, Doc. [78]. Defendant claimed in her Objections that as to her motion to suppress, "the only resolution reached in court was that Defendant was told that she would not be given the previously requested material at this juncture in the proceedings," and that the original Report and Recommendation only addressed her motion to dismiss Count 15 but failed to address Counts 12-14. Doc. [75] at 2-3.

On March 25, 2025, this Court resubmitted the matter for further proceedings, seeking clarification regarding the original Report and Recommendation's finding that Defendant's Motion to Suppress was essentially a discovery dispute resolved in open court, and for the magistrate court to further address Defendant's motion to dismiss as to Counts 12-14. Upon referral, Judge Holmes held a status conference on April 10, 2025, and subsequently issued an Amended Report and Recommendation, Doc. [84], on May 1, 2025. Defendant filed Objections to the Amended Report and Recommendation, Doc. [84], and the United States filed a Response,

Doc. [92]. The matter is now ripe for ruling.

## II. Legal Standard

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").

## III. Discussion

### a. Findings of Fact

After a complete review of the record, the Court finds that Judge Holmes thoroughly set forth the relevant facts in the Amended Report and Recommendation. Therefore, the Court adopts and incorporates Judge Holmes' factual findings in the Amended Report and Recommendation, Doc. [84], and will not repeat them here.

### b. Motion to Suppress Physical Evidence, or in the Alternative, Motion to Compel Disclosure Statements

In the Amended Report and Recommendation, Judge Holmes clarified Defendant's Objection as to the motion to suppress as follows,

> The attorneys for the parties appeared for a status conference on April 10, 2025. …The issue of suppression relates to financial documents obtained by the Government via search warrants and grand jury subpoenas. Ms. Gray has not

3

> raised any challenges to the search warrants disclosed by the Government in this case. The parties appear to agree that all financial records have been disclosed through the discovery process. The Court thus understands the issue to be the immediate disclosure of grand jury materials, specifically grand jury subpoenas served upon financial institutions.

Doc. [84] at 3. This Court agrees with Judge Holmes' conclusions of law that as to grand jury subpoenas, Defendant's Motion failed to demonstrate a particularized need for the Court to order the disclosure of grand jury materials.[1] Also, Defendant fails to specify any evidence or statement she seeks to suppress, and even if she had, the exclusionary rule for evidence obtained through unlawful search and seizure is not applicable to the grand jury.[2]

### c. Motion to Dismiss Counts 2 and 3 for Failure to State an Offense

Defendant argued in her Motion to Dismiss Counts 2 and 3, that the Government failed to allege conduct to support a claim for violations of 18 U.S.C. § 1029(a)(1). The Government did not object to the Motion. As indicated in the Amended Report and Recommendation, Defendant's Motion to Dismiss Counts 2 and 3 will be granted. Counts 2 and 3 will be dismissed without prejudice.

### d. Motion to Dismiss Counts 12-15

Defendant alleges in her Motion to Dismiss Counts 12-15 that the Aggravated Identity Theft statute, 18 U.S.C. § 1028A, is unconstitutionally vague, and therefore, the charges pursuant to it should be dismissed. Defendant claims in her Objection that the original Report and

---

[1] *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994).
[2] *See United States. v. Quiroz*, 57 F. Supp. 2d 805, 822-23 (D. Minn. 1999) *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000) ("In motions to suppress evidence, a moving party must specify the statement or evidence which is sought to be suppressed, and articulate with clarity the factual and legal basis upon which each is sought to be suppressed.") As stated in the Amended Report and Recommendation, the Government considers the grand jury subpoenas issued to be *Jencks* material that will be disclosed the Friday before trial. The Government offered to disclose if financial records were obtained via grand jury subpoena if the defense questioned how specific records were obtained. As of the April 10, 2025, status conference, defense counsel had not identified any such records. Doc. [84] at 5. *See also United States v. Levine*, 37 F.2d 1176, 1179 (8th Cir. 1983) (citations omitted).

4

Recommendation only addressed her argument as to Count 15, the Aggravated Identity Theft of D.H., "but fails to address the applicability and the void for vagueness aspect of 18 U.S.C. §1028A as it applies to G.H. (Count 12), J.V. (Count 13), and J.A.M. (Count 14)." Doc. [75] at 3.

Pursuant to 18 U.S.C. §1028A a person commits aggravated identity theft when, "during and in relation to" certain felonies "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person…." As clarified by the Supreme Court, "aggravated identity theft under 18 U.S.C. §1028A(a)(1) requires the government to prove, as one of the elements, that, 'the defendant misuse of another person's means of identification is at the crux of what makes the conduct criminal, rather than merely an ancillary feature.'" *See United States v. May*, 131 F.4th 633, 645 (8th Cir. 2025) (quoting *Dubin v. United States*, 599 U.S. 110, 114 (2023) (aggravated identity theft counts as to S.H. involved the misuse of his means of identification furthering the underlying wire fraud offense, rather than the use of his name being only ancillary to what made the conduct fraudulent)).[3] "[W]ith fraud or deceit crimes . . . the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to 'who' is involved." *Dubin*, 599 U.S. at 132.

This Court agrees, as set forth in the Amended Report and Recommendation, that Defendant's alleged actions listed in the indictment in Counts 12-15 involve Defendant's misuse of another person's means of identification, and such misuse is at the crux of what makes each underlying offense criminal, rather than ancillary to the predicate offense as in *Dubin*. *See* Doc. [84] at 8-10. "A person of ordinary intelligence can readily understand that the Indictment alleges

---

[3] The defendant in *Dubin* submitted claims for Medicaid reimbursement that overstated the qualifications of the person who had performed the relevant testing, thereby inflating the amount of reimbursement received by the defendant's company. The Court found that the name of any particular patient was an ancillary feature of the billing method employed, not at the crux of what made the underlying overbilling fraudulent. *Id*. at 132.

5

that [Defendant] fraudulently possessed and used the victims' means of identification to fraudulently obtain cash, open accounts, access bank accounts, and access retirement and pension funds among other things for her benefit. Defendant had fair notice of the prohibited conduct.

### IV.     Conclusion

For these reasons, the Court agrees with the findings and conclusions in the Amended Report and Recommendation that Defendant failed to demonstrate a particularized need for the Court to order the disclosure of grand jury materials, the motion to suppress lacked the specificity required of a Fourth Amendment challenge, and Defendant's motion to dismiss Counts 12-15 of the indictment fails because the alleged violations of 18 U.S.C. § 1028A, as set forth in the Indictment, provided a person of ordinary intelligence fair notice of what conduct is prohibited, and the conduct alleged in the Indictment clearly indicates that the use of the personal identifying information of G.H., J.V., J.A.M., and D.H. was at the crux of what makes the offense criminal.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Report and Recommendation of United States Magistrate Judge Rodney H. Holmes, Doc. [84], recommending that: 1) Defendant's Motion to Suppress Physical Evidence, or in the Alternative, Motion to Compel Disclosure, Doc. [61], be denied; 2) Defendant's Motion to Dismiss Counts 2 and 3, Doc. [62], be granted, dismissing Counts 2 and 3 without prejudice; and 3) Defendant's Motion to Dismiss Counts 12-15, Doc. [63], be denied, is **SUSTAINED, ADOPTED, AND INCORPORATED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Physical Evidence, or in the Alternative, Motion to Compel Disclosure, Doc. [61], is **DENIED**; Defendant's Motion to Dismiss Counts 2 and 3, Doc. [62], is **GRANTED,** Counts 2 and 3 are dismissed without prejudice; and Defendant's Motion to Dismiss Counts 12-15, Doc. [63], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Objections to the Amended Report and Recommendation, Doc. [89], are **OVERRULED**.

Dated this 10th day of June, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

7