# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:23-cr-00677-MTS |
| SHANITA GRAY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for District Court's Review and Amendment of Magistrate Court's Order on Petition for Action on Conditions of Pretrial Release and Stay of Modification of Pretrial Release Conditions, Doc. [100]. After a de novo review of the record before the Court, the Motion will be denied.

On December 6, 2023, Defendant was charged in a fifteen-count indictment: Counts 1-10 Wire Fraud in violation of 18 U.S.C. § 1343; Count 11 Fraudulent Use of a Counterfeit Access Device in violation of 18 U.S.C. § 1029(a)(1); and Counts 12-15 Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

On February 2, 2024, Defendant was interviewed by the U.S. Probation Office in the Northern District of Georgia and appeared before Chief United States Magistrate Judge Russell G. Vineyard. Defendant was ordered released on a $25,000 unsecured appearance bond and special conditions of release were ordered. *See* Docs. [8] and [9]. Defendant began courtesy supervision by the Northern District of Georgia Pretrial Services Office, which is where she resides with her family. *Id*. On February 16, 2024, Defendant appeared before United States Magistrate Judge Rodney H. Holmes for arraignment. Defendant was continued on bond and the previously ordered conditions of release were adopted. Doc. [17].

On February 21, 2025, a violation report was filed by pretrial services, due to Defendant sending email correspondence to UBS employees, a company named in her indictment. Doc. [70]. As a result, Defendant's pretrial conditions were reviewed with her, including the condition regarding avoiding all contact, directly or indirectly, with any victims or witnesses.

On April 14, 2025, the Northern District of Georgia courtesy Pretrial Officer notified the Eastern District of Missouri's Pretrial Services Office that their district would be terminating courtesy supervision as they deemed Defendant "not amenable to supervision due to continued resistance with supervision and supervision directives." Doc. [82] at 1.

On April 21, 2025, based upon the Northern District of Georgia's notification and Defendant's previous violation of pretrial conditions on February 21, 2025, a warrant was issued for Defendant. A bond revocation hearing was subsequently set for May 16, 2025. At the hearing, Judge Holmes heard testimony and argument concerning the issues precipitating the Northern District of Georgia terminating courtesy supervision of Defendant. Judge Holmes granted Defendant 30 days to either be accepted for courtesy supervision in the Northern District of Georgia or relocate to the Eastern District of Missouri. Additionally, to ensure her residency in the Eastern District of Missouri, Defendant was ordered to participate in the Location Monitoring Program and her travel restricted to the Eastern District of Missouri.

On May 30, 2025, Judge Holmes was notified that the Northern District of Georgia advised they will not provide courtesy supervision of the Defendant. Judge Holmes reiterated that Defendant was directed to relocate to the Eastern District of Missouri and to report to the Eastern District of Missouri Pretrial Services Office on or before June 16, 2025. Judge Holmes also ordered modification of Defendant's pretrial release conditions to include the Location Monitoring Program and restricted Defendant's travel to the Eastern District of Missouri. Doc. [93].

On June 3, 2025, Defendant filed a motion for reconsideration and requested a stay of modification of pretrial release conditions, suggesting that Defendant should be allowed to continue to reside in the Northern District of Georgia and be supervised by the Eastern District of Missouri remotely, through weekly phone check-ins and/or periodic in-person appointments with her assigned Pretrial Services Officer, or whatever other arrangements could be made. Doc. [95]. The Government opposed the motion.

On June 9, 2025, Judge Holmes issued an order denying Defendant's motion for reconsideration, Doc. [98], and ordered modification of Defendant's pretrial release conditions to allow Defendant thirty days (from May 16, 2025) to relocate to the Eastern District. Doc. [97]. On June 10, 2025, Defendant filed a Motion for District Court's Review[1] and Amendment of Magistrate Court's Order on Petition for Action on Conditions of Pretrial Release and Stay of Modification of Pretrial Release Conditions. Doc. [100]. The Government filed its Response on June 12, 2025. This Court stayed the modification of Defendant's pretrial release conditions, pending review of Defendant's Motion. Doc. [102]. District courts review a magistrate judge's release or detention order de novo. *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985).

Once again, Defendant requests that this Court allow her to continue to reside in the Northern District of Georgia and allow her to be supervised by the Eastern District of Missouri remotely, through weekly phone check-ins and/or periodic in-person appointments with her assigned Pretrial Services Officer. Defendant argues that she did not have any issues regarding her pretrial supervision for almost a 12-month period, she and her daughter have health issues, and it would be an extreme financial hardship for Defendant and her family if she is required to relocate to the Eastern District of Missouri.

---

[1] Pursuant to Title 18, United States Code, Section 3l45(a)(2): If a person is ordered released by a magistrate judge, or by a person other than the judge of a court having original jurisdiction over the offense... (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

According to the detailed report attached to the April 21, 2025, Petition, it appears that Defendant was having compliance issues with her conditions of release since the Fall of 2024. Doc. [82-2]. Among other compliance issues, Defendant has corresponded with victims and potential witnesses, failed to prove verification of her attendance with various mental health counselors, displayed hostility and yelled at pretrial officers during a home visit - requiring the visit to be terminated by the officers, and has seemingly attempted to conduct her pretrial release as she sees fit.[2] Despite the chances Defendant has been given to comply with conditions of release that would have allowed her to remain on courtesy supervision within the Northern District of Georgia, Defendant has instead thumbed her nose at directives given to her by pretrial services officers in two districts.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** Defendant's Motion for District Court's Review and Amendment of Magistrate Court's Order on Petition for Action on Conditions of Pretrial Release, Doc. [100], and reaffirms and adopts the Magistrate Judge's Orders Modifying Conditions of Release, Docs. [93] and [97].[3] Defendant is allowed twenty-one (21) days from the date of this order to relocate to the Eastern District of Missouri.

Dated this 17th day of June, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] For example, Defendant had email exchanges with pretrial officers from both the Eastern District of Missouri, and Northern District of Georgia, wherein she stated she did not want officers to come to her residence without notice and requesting that officers refrain from contacting a new counselor to verify attendance until "a rapport had been established." *Id*.

[3] If after review of the same record and factual findings, the district court agrees fully with a magistrate judge's order and reasons, it may adopt the order. *United States v. Cook*, 87 F4th 920, 924-25. (8th Cir. 2023) (citations omitted). Adopting a magistrate judge's decision "'obviate[s] the need for the district court to prepare its own written findings of fact and statement of reasons.'" *Id*. (quoting *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988)).